**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHEN CONN, | ) |
| on behalf of plaintiff and the classes defined | ) |
| herein, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIRST NATIONAL COLLECTION | ) |
| BUREAU, INC., and | ) |
| ASSET ACCEPTANCE, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>COMPLAINT – CLASS ACTION</u>

### <u>INTRODUCTION</u>

1.     Plaintiff Stephen Conn brings this action to secure redress from

unlawful collection practices engaged in by defendants First National Collection Bureau, Inc.,

and Asset Acceptance, LLC.   Plaintiff alleges violation of the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection

methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt; it also requires debt collectors

to give debtors certain information.   15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### <u>VENUE AND JURISDICTION</u>

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

§1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367

(supplemental jurisdiction).

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications and activities impacted plaintiff within this District;

b.      Defendants do or transact business within this District.

## PARTIES

5.      Plaintiff Stephen Conn is an individual who resides in Rochester, New York.

6.      Defendant Asset Acceptance, LLC is a limited liability company with offices at 28405 Van Dyke Avenue, Warren, Michigan, 48093. It does or transacts business in New York.

7.      Defendant Asset Acceptance, LLC is engaged in the business of purchasing or claiming to purchase allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8.      Defendant Asset Acceptance, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

9.      Defendant Asset Acceptance, LLC then attempts to collect the purchased debts by filing suits on them.

10.     Defendant Asset Acceptance, LLC has been the plaintiff in more than 1,200 collection lawsuits during the year prior to the filing of this action.

11.     Defendant Asset Acceptance, LLC   regularly uses the mails and telephones in the process of collecting the debts it purchases.

2

12.     Defendant Asset Acceptance, LLC is a "debt collector" as defined in the FDCPA.

13.     Defendant First National Collection Bureau, Inc. is a Nevada corporation with principal offices at 610 Waltham Way, Sparks, Nevada, 89434.   It does or transacts business in New York.

14.     Defendant First National Collection Bureau, Inc. operates a collection agency.

15.     Defendant First National Collection Bureau, Inc. holds one or more collection agency licenses.

16.     Defendant First National Collection Bureau, Inc. uses the mails and telephones to collect debts originally owed to other entities.

17.     Defendant First National Collection Bureau, Inc. is a debt collector as defined in the FDCPA.

## FACTS

18.     On or about February 23, 2012, First National Collection Bureau, Inc. sent plaintiff the letter attached as Exhibit A.

19.     First National Collection Bureau, Inc. sent Exhibit A on behalf of Asset Acceptance, LLC.

20.     Asset Acceptance, LLC sent the purported debt to First National Collection Bureau, Inc.

21.     Exhibit A sought to collect a purported GE Capital credit card bill incurred for personal, family or household purposes and not for business purposes.

3

22.     If the debt is owed at all, it went into default during 2005.

23.     Defendants regularly seek to collect credit card debts.

24.     The statute of limitations on a credit card debt in New York is the lesser of (a) 6 years or (b) the statute of limitations in the jurisdiction where the original creditor was located. Portfolio Recovery Associates, LLC v. King, 14 N.Y.3d 410, 901 N.Y.S. 2d 575, 927 N.E. 2d 1059(2010)

25.     GE Capital was located in Utah, which has a 4 year statute.     Utah Code Ann. §78B-2-307.

26.     Most of the major credit card banks are located in Delaware or South Dakota. The Delaware statute of limitations is 3 years.   10 Del. C. §8106.   The South Dakota statute of limitations is 6 years.

27.     Defendants regularly attempt to collect debts on which the statute of limitations has expired.

28.     It is the policy and practice of defendants to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

29.     It is the policy and practice of defendants to send letters seeking to collect time-barred debts that do not disclose the date of default.

30.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset

4

Acceptance requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.   United States of America (For the Federal Trade Commission)   v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## VIOLATION ALLEGED

31.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

32.     The nondisclosure is exacerbated by the offer of a "settlement" in Exhibit A.   An offer to settle implies a colorable obligation to pay.

33.     Section 1692e provides:

> **§ 1692e.**        **False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> > **(2)        The false representation of--**
> >
> > > **(A)        the character, amount, or legal status of any debt; . . .**
> >
> > **(5)        The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
> >
> > **(10)        The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

34.     Section 1692f provides:

> **§ 1692f.**        **Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

35.     Plaintiff brings this claim on behalf of two classes, designated First National Collection Bureau, Inc., and Asset Acceptance, LLC, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36.     The First National Collection Bureau, Inc. class consists of (a) all individuals in New York (b) to whom First National Collection Bureau, Inc. (c) sent a letter seeking to collect a debt (d) which debt was a credit card debt on which either (i) the last payment had been made more than 6 years prior to the letter, or (ii) the original creditor was located in Utah and the last payment had been made more than 4 years prior to the letter or (iii) the original creditor was located in Delaware and the last payment had been made more than 3 years prior to the letter, and (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

37.     The Asset Acceptance, LLC class consists of (a) all individuals in New York (b) who were sent a letter by or on behalf of Asset Acceptance, LLC seeking to collect a debt (c) which debt was a credit card debt on which either (i) the last payment had been made more than 6 years prior to the letter, or (ii) the original creditor was located in Utah and the last payment had been made more than 4 years prior to the letter or (iii) the original creditor was located in Delaware and the last payment had been made more than 3 years prior to the letter, and (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

38.     On information and belief, each class is so numerous that joinder of all members is not practicable.

39.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.   The predominant common questions are (a) whether defendants attempt to collect time-barred debts without disclosure of the fact that the statute of limitations has expired and (b) whether such practice violates the FDCPA.

40.     Plaintiff's claim is typical of the claims of the class members.   All are based on the same factual and legal theories.

41.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible.

b.      Members of the class are likely to be unaware of their rights;

c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

(1)     Statutory damages;

(2)     Actual damages, including all amounts paid on time-barred debts;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

Dated: June 22, 2012                    s/Tiffany N. Hardy
                                        Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois   60603
(312) 739-4200
(312) 419-0379 (FAX)

Mark F. Viencek
LAW OFFICES OF MARK F. VIENCEK
290 Linden Oaks, First Floor
Rochester, New York 14625
(585) 419-8075
(866) 818-9500

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy


T:\26958\Pleading\Complaint_Pleading.wpd

# EXHIBIT A

**First National Collection Bureau, Inc.**
610 Waltham Way • Sparks, NV 89434
(800) 824-6191



Dept. # 21377
PO Box 1259
Oaks, PA 19456

ADDRESS SERVICE REQUESTED

February 23, 2012

Office Hours: Mon. - Fri. 6 a.m. - 6 p.m.,
Sat. 6 a.m. - 12 noon
Pacific Standard Time

**Please remit all correspondence to the above address**

#BWNJGZF
#▓▓▓▓▓▓▓▓▓▓▓▓        21298 - 2878
STEPHEN CONN

Creditor: ASSET ACCEPTANCE LLC
Original Creditor: GE CAPITAL/ GE Capital - Sam's
Original Account #: ▓▓▓▓▓▓▓▓
Ref #: ▓▓▓▓▓▓▓
Total Due: $506.88

**REDACTED**

SETTLEMENT OFFER
60% OFF YOUR DEBT
40% IN 3 PAYMENTS

Our client ASSET ACCEPTANCE LLC is offering you a settlement of $202.75 in 3 payments over 3 months starting on 03/15/12. (21 days)
Once all three (3) payments of $67.58 have been paid to our office on time, we will consider this account settled in full.
Payments may not be more than 30 days apart or this settlement may be cancelled. Please send in the payments along with the payment stub to the address listed on the coupon.
This settlement offer is only guaranteed if we receive your payments in our office on or before the dates set forth in this letter. If we do not receive payment in these amounts by these dates, we reserve the right to modify the settlement offer, or revoke it in its entirety.
If you wish to speak with a representative please call (800) 824-6191.

Sincerely,

Mayra Garcia
First National Collection Bureau, Inc.
(800) 824-6191

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA | ☐ MASTERCARD | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| PRINT NAME AS IT APPEARS ON CARD | | |
| SIGNATURE | MUST INCLUDE ZIP CODE FROM STATEMENT | |

Payment by Credit Cards - Transaction Fees
MasterCard and Visa: $5.00 per $150.00

$50 minimum is required for credit card payments.

---

**Detach Coupons And Mail Payment**

**1 OF 3**

Ref #: 040375349
MAIL PAYMENT TO:
FNCB INC.
PO BOX 51660
SPARKS, NV 89435

PAYMENT AMT - $67.58
DUE: 03/15/12
DETACH COUPONS AND
MAIL PAYMENT

**2 OF 3**

Ref #: 040375349
MAIL PAYMENT TO:
FNCB INC.
PO BOX 51660
SPARKS, NV 89435

PAYMENT AMT - $67.58
DUE: 04/14/12
DETACH COUPONS AND
MAIL PAYMENT

**3 OF 3**

Ref #: 040375349
MAIL PAYMENT TO:
FNCB INC.
PO BOX 51660
SPARKS, NV 89435

PAYMENT AMT - $67.58
DUE: 05/14/12
DETACH COUPONS AND
MAIL PAYMENT

PAP-100-A-0



21298-A43-2878